UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YOSMARA DEL CARMEN GONZALES,** | Civil Action No. 26-0747 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **PAM BONDI, et al.,** | |
| Respondents. | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Yosmara Del Carmen Gonzales, who is presently detained by Immigration and Customs Enforcement ("ICE") in the South Louisiana Processing Center. (ECF No. 1 ¶ 6).

2. Respondents United States Attorney General Pamela Bondi, Department of Homeland Security ("DHS") Secretary Kristi Noem, Acting ICE Director Todd M. Lyons, and Delaney Hall Detention Facility ("Delaney Hall"), New Jersey Warden Luis Soto oppose the Petition. (ECF No. 7).

3. Petitioner is a citizen of Nicaragua. (ECF No. 1 ¶ 1). She entered the United States without inspection on December 9, 2022. (*Id.* ¶ 16). On December 11, 2022, she was detained by Border Patrol and released pursuant to the alternatives to detention ("ATD") program. (*Id* ¶ 17.)

4. On January 15, 2026, DHS issued a Notice to Appear ("NTA") stating Petitioner was subject to removal for being a noncitizen "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (ECF No. 2 at 6). The statute cited was Immigration and Nationality Act

("INA") § 212(a)(6)(A)(i). (*Id.*) The Notice also charged her with removability pursuant to INA § 212(a)(7)(A)(i)(I) for not having proper documentation. (*Id.*)

5. Petitioner was detained by ICE at a routine check-in on January 15, 2026. (*Id.* ¶ 20).

6. Petitioner argues that ICE is improperly detaining her without a bond hearing due to a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to 8 U.S.C. § 1225(b). (*Id.* ¶ 22 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).

7. She further argues that her detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle her to a bond hearing before an immigration judge. (*Id.* ¶ 39).

8. Respondents assert that Petitioner is properly detained pursuant to § 1225(b)(2) because she is a noncitizen "who entered without inspection or parole and was detained by immigration authorities without having been lawfully admitted. As such, she is an 'applicant for admission' who is not entitled to a bond hearing." (ECF No. 7 at 2).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition,[1] and she asserts that her continued detention

---

[1] Respondents concede that Petitioner was in New Jersey at the time the Petition was filed. (ECF No. 7 at 1 n.2).

violates due process. Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement); *see also Khalil v. Joyce*, 777 F. Supp. 3d 369, 393 (D.N.J. 2025) ("[A] habeas court that otherwise has jurisdiction over a case does not lose that jurisdiction just because the habeas petitioner has been moved out of the district.")

11.  Section 1225 provides in relevant part that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt Soto v. Soto, et al.*, No. 25-cv-16200, __ F. Supp. 3d __, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025), *appeal filed* No. 25-3566 (3d Cir. Dec. 22, 2025).

12.  Section 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "The line historically drawn between these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, 792 F. Supp. 3d 211, 221 (D. Mass. 2025) (citing *Jennings*, 583 U.S. at 288-89).

13.  Petitioner was detained by Border Patrol two days after crossing the border. (ECF No. 1 ¶ 1). Although this would usually suggest § 1225(b) detention was appropriate, the record

3

before this Court supports a conclusion that Petitioner was processed pursuant to § 1226(a) in 2022.

14.     The NTA specifically identified Petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled." (ECF No. 2 at 6 (emphasis added)). "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A) … ." *Martinez*, 792 F. Supp. 3d, at 218.[2]

15.     Furthermore, noncitizens detained pursuant to § 1225(b)(2) can only be paroled pursuant to 8 U.S.C. § 1182(d)(5)(A). *See Jennings*, 583 U.S. at 300 ("That express exception to detention implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released." (emphasis in original)). This parole authority is "not unbounded: DHS may exercise its discretion to parole applicants 'only on a case-by-case basis for urgent humanitarian reasons or significant public benefit.'" *Biden v. Texas*, 597 U.S. 785, 806 (2022).

16.     Respondents argue "[t]hat Petitioner was released after being first apprehended at the border and later re-detained does not change detention from § 1225(b)(2) to § 1226(a)." (ECF No. 7 at 2 (citing *Sanchez v. Soto*, No. 25-cv-19082, 2026 WL 125576, at *2 (D.N.J. Jan. 16, 2026)). *Sanchez* is distinguishable; there, the record reflected that the petitioner "applied for admission into the United States at the San Ysidro port of entry on March 28, 2021. Thereafter,

---

[2] The officer who issued the NTA on January 15, 2026 declined to check a box identifying Petitioner as an "arriving alien" or as an "alien present in the United States who has not been admitted or paroled after inspection" on the first page of the NTA. (ECF No. 2 at 3). However, Petitioner was identified as a "alien present in the United States who has not been admitted or paroled after inspection" in the charging section of the NTA. (*Id.* at 6).

she was released on parole into the United States pursuant to 8 U.S.C. § 1182(d)(5)." *Id.* (internal citations omitted). That is not the case with the record before this Court.

17. Respondents have not produced any documentation that demonstrates Petitioner was paroled pursuant to § 1182(d)(5)(A). (*See* ECF No. 7 at 2 (noting that Petitioner entered the United States "without inspection or parole … .")) There is no evidence that Petitioner's release on the ATD program was pursuant to § 1182(d)(5) as opposed to a form of conditional parole pursuant to § 1226(a).

18. Therefore, it seems from the record that "DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that [she] is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-84 (S.D.N.Y. 2025) (emphasis in original).

19. Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2) violates the laws of the United States and Petitioner's Due Process rights. Respondents are ordered to treat Petitioner as detained under § 1226(a) and provide her with an individualized bond hearing.

20. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: February 6, 2026