**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **YOSMARA DEL CARMEN GONZALES,** | Civil Action No. 26-0747 (SDW) |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **PAMELA BONDI, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.     This Court granted Petitioner Yosmara Del Carmen Gonzales's petition for a writ of habeas corpus on February 6, 2026.  (ECF No. 10).  Respondents were ordered to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide her with an individualized bond hearing before an immigration judge.  (*Id.*)

2.     Petitioner appeared before Immigration Judge Richard Jacobs on February 11, 2026.  Judge Jacobs concluded that Petitioner was a flight risk and denied Petitioner bond.  (ECF No. 11-1 at 4).

3.     On February 18, 2026, Petitioner filed a motion to enforce the judgment ("Motion") arguing that she did not receive due process during his bond hearing and asked this Court to order a new bond hearing.  (ECF No. 13).

4.     Respondents filed opposition to the Motion on March 9, 2026.   (ECF No. 16).

5.     This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order.  *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

6.       After review of the parties' submissions and consideration of the parties' arguments, this Court concludes that Petitioner has not shown that her bond hearing was fundamentally unfair.

7.       In a fundamentally fair bond hearing, due process has three essential elements.  The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests."  *Ghanem*, 2022 WL 574624, at *2.

8.       Petitioner argues Judge Jacobs "failed to act as a neutral arbiter, relied on legally impermissible factors, ignored favorable evidence, and refused to conduct the individualized assessment … ."  (ECF No. 15 at 1).

9.       Petitioner's counsel presented the documents to Judge Jacobs for review and made arguments on Petitioner's behalf.  (ECF No. 15-1 at 4-6).  Petitioner also addressed Judge Jacobs directly.  (*Id.* at 7-19).

10.       Judge Jacobs considered the submissions and Petitioner's arguments and concluded that she was not a danger to the community.  (*Id.* at 16-17).  He concluded that she was a flight risk, however, because her only familial connection to the United States was her son who did not have legal status in the country.[1]  (*Id.* at 17).  He also noted that Petitioner did not present a copy of her I-589 application for asylum and for withholding of removal.  (*Id.* at 16-17).

---

[1] The transcript provided by Petitioner reads that Judge Jacobs stated: "Your son is President of the United States, but he has no status in the United States."  (ECF No. 15-1 at 17).  This Court presumes that is a transcription error and that Judge Jacobs indicated that Petitioner's son is a *resident* of the United States without legal status.

11.     Petitioner's arguments are challenges to Judge Jacobs's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

12.     This Court does not express any opinion on whether Judge Jacobs came to the correct conclusion, but the record compels a finding that Petitioner received an individualized bond hearing as ordered by this Court.  Any challenge to the decision must be presented to the Board of Immigration Appeals.

13.     Therefore, this Court will deny the Motion.

14.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 10, 2026

3